Per curiam.

We feel ourselves very liberal in a mercantile *321 case of this nature, to allow almost every possible species of evidence to be given to the jury; but such mischiefs would arise from the testimony offered, that we cannot do otherwise than reject it. Fitzgerald gives no reasons in his answers to the interrogatories, .why such unusual deviations from the mercantile course have been made, nor distinguishes the proper from the improper entries; nor does it appear that he was conusant of the facts. To impute this conduct to a fear of the enemy is mere conjecture unsupported by proof; besides, a variety of dates are stated, with considerable sums carried out to each. No memory could have served to recollect such a multiplicity of transactions, and there must have been unquestionably some original memorandums from which *R221 the same were extracted. * A copy of these memoran-J dums therefore should have accompanied the deposition. Evidence overruled.
Cited in i R., 441, where it was decided that a book made up by transcribing entries made by a journeyman on a slate, some of them being transcribed by the journeyman, and some by the party, some on the same evening, and others several days afterwards, but all within two weeks, is not admissible in evidence as a book of original entries, supported by the oath of the party.
Messrs. Lewis and Tilghman, pro quer.
Messrs. Ingersoll, M’Kean, Heatly and Duncan, pro def.
The plaintiff’s counsel then attempted to supply the proof by other testimony; and after going a considerable length in the cause, it was agreed to refer the matters in dispute to the jury, or any nine of them.